In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00566-CV
_____

**THERESA WILSON, Appellant**

**V.**

**CBL/PARKDALE MALL GP, LLC a/k/a CBL PARKDALE MALL, LT, CBL PARKDALE CROSSING, GP, CBL PARKDALE CROSSING AND CBL & ASSOCIATES, LLP, Appellee**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-187,035**

### ORDER

The appellee filed a motion to dismiss the appeal, and the appellant filed a response. The trial court signed an order granting summary judgment on August 8, 2012. On August 15, 2012, the appellee filed a motion to modify the judgment to correct the name of the appellee by including other entities named in the plaintiff's original petition but not explicitly named in the order granting summary judgment. On August 20, 2012, the appellant filed a motion for reconsideration of the order granting the motion for

1

summary judgment. While it retained plenary power, the trial court denied the appellant's motion for reconsideration and granted the appellee's motion to modify. The appellate timetables commenced with the signing of the new judgment on October 9, 2012.

A motion for new trial may be filed prior to judgment. *See* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 27.2. If the motion for new trial did not effectively extend the time for filing a notice of appeal because it assailed only the former judgment and not the new judgment, the notice of appeal was due on November 8, 2012. A notice of appeal was filed on November 20, 2012. The appellant's response to the appellee's motion to dismiss the appeal establishes that the notice of appeal was filed late because counsel miscalculated the deadline. Appellant's response demonstrates that either the notice of appeal was timely filed, or if it was not timely filed the delay was due to inadvertence or mistake.

The Court finds the appellant filed notice of appeal within fifteen days of the last day allowed for perfecting an appeal, and further finds the appellant has reasonably explained the need for an extension of time to perfect appeal. *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex. 1997). Therefore, the Court GRANTS an extension of time to November 23, 2012, to perfect appeal. Tex. R. App. P. 26.3. The appellee's motion to dismiss the appeal is DENIED.

ORDER ENTERED December 13, 2012.

PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.

2